IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Gary Cowell, )
    Plaintiff, )
)
v. ) 1:18cv38 (CMH/MSN)
)
Dr. Charles Campbell & Victoria Cordova, )
    Defendants. )

MEMORANDUM OPINION & ORDER

Gary Cowell, a Virginia inmate, has filed a pro se civil-rights action alleging that he received constitutionally deficient medical care at Chesapeake Correctional Center (CCC). See 42 U.S.C. § 1983. The remaining defendant, Dr. Charles Campbell, has moved for summary judgment. [Dkt. No. 30].[1] Cowell received the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and filed a response in opposition. [Dkt. Nos. 32, 36]. He also seeks to amend the complaint. [Dkt. No 37]. Because the undisputed evidence demonstrates that Cowell failed to exhaust his administrative remedies, the Court will grant the motion for summary judgment and deny the motion to amend the complaint.

I. Background

In the verified amended complaint, Cowell recounts his medical treatment at CCC.[2] [Dkt. No. 9]. Cowell alleges that he entered CCC in June 2016 with preexisting medical conditions,

---

[1] The motion was also filed by former defendant, Victoria Cordova (a licensed practical nurse at CCC), who was dismissed from this action by Order dated November 22, 2019. [Dkt. No. 44].

[2] The memorandum in support of defendant's motion for summary judgment provides Dr. Campbell's version of Cowell's medical treatment at CCC. [Dkt. No. 31]. Because the resolution of defendant's motion ultimately turns on whether Cowell exhausted his administrative remedies, the fact disputes related to Cowell's medical treatment are not material to ruling on the motion for summary judgment.

including a previous stroke, limited mobility, and high blood pressure. [Id. ¶ 6]. Upon intake, he asserts, he "made known all his medical issues." [Id. ¶ 8]. When he entered the general population housing and learned that he had not been assigned a lower bunk, Cowell alleges that he submitted a grievance. [Id. ¶ 9]. Cowell asserts that, in response, he was told to place a sick-call request. [Id. ¶ 10].

Meanwhile, Cowell alleges, he fell from the top bunk three times between June 10 and June 15 but was not seen by a doctor until July 25. [Id. ¶¶ 11–12]. When he was seen by Dr. Campbell, Cowell adds, the doctor refused to issue a lower-bunk order and "den[ied] all forms of medical treatment," despite Cowell's complaints of "great pain." [Id. ¶¶ 12–13].

Cowell declares that was released from CCC on bond on August 5, 2016 and was admitted to Norfolk Sentara General Hospital. [Id. ¶ 14]. There, Cowell says, he was treated for three broken ribs and back spasms. [Id.]. After Cowell was sentenced, he returned to CCC where, he alleges, Dr. Campbell again denied his request for a lower-bunk order and other medical treatment. [Id. ¶¶ 15, 18].

Cowell asserts that he "used the grievance procedure available at the Chesapeake Correctional Center to try and solve the problem" at issue in this lawsuit. [Id. ¶ 19]. In the motion for summary judgment, Dr. Campbell presents evidence showing how Cowell used CCC's grievance procedures. He submitted an affidavit from Pamela Smith, CCC's Health Services Administrator, who manages inmate medical records and grievances. [Smith Decl. ¶¶ 1, 5]. She avers that during his incarceration at CCC, Cowell submitted only one grievance related to his back, and that he did not submit it until August 26, 2017. [Id. ¶ 10]. In that grievance Cowell reported that in June 2016 he injured his back, which "constantly hurt." [Def. Ex. E]. Cowell's grievance form includes a supervisor's statement and a resolution. [Id.]. The

2

supervisor's statement dated August 27, 2017, explains that a nurse stated that Cowell currently was under treatment for his medical conditions and "will be seen again as soon as they can get you in." [Id.]. The resolution section dated September 1, 2017, reports that Cowell's medical records show that his back pain is chronic and he has a prescription for Tylenol, and notifies Cowell that he has an upcoming appointment with a physician. [Id.]. That section also has a space reserved for the inmate's response. [Id.]. There is a checkmark next to where it says, "*Accepted Resolution.*" [Id.]. Cowell did not appeal the resolution to the Health Services Administrator, the next level of review on the grievance form. [Smith Decl. ¶ 11; Def. Ex. E]. And his medical records reflect that a lower-bunk order was issued the same day as the resolution (September 1). [Def. Ex. B, at SA 31].

Cowell does not dispute that he accepted the resolution of, and did not appeal, the August 26, 2017 grievance. [Pl. Br. Opposing Summary J. ¶¶ 22–23]. But he does apparently contest that he filed only one relevant grievance. In the response opposing summary judgment, he contends that he possesses additional grievances related to his medical treatment at CCC that were not included with the defendant's evidence. [Id. ¶¶ 6, 19]. He did not submit those purported grievances as evidence, so by Order dated November 22, 2019, this Court directed Cowell to furnish within twenty-one days all additional, relevant grievances in his possession that could dispute the defendant's evidence. [Dkt. No. 44]. Cowell submitted no further evidence.

## II. Standard of Review

The Court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

3

prevail as a matter of law.'" Gordon v. Schilling, 937 F.3d 348, 356 (4th Cir. 2019) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)).

### III. Analysis

Dr. Campbell argues that he is entitled to summary judgment because the undisputed record demonstrates that Cowell failed to exhaust his administrative remedies. He contends that, because Cowell accepted the resolution of his sole grievance, he did not fully and properly exhaust his claim before filing suit.

The Court agrees. The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before initiating a lawsuit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017). This requirement mandates "proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 84 (2006). To exhaust properly "a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court." Id. at 88; see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). For inmates housed in the Virginia Department of Corrections (VDOC), that means a regular grievance has been "appealed through the highest eligible level without satisfactory resolution of the issue." VDOC Operating Procedure § 866.1(IV)(O)(2), available at https://vadoc.virginia.gov/files/operating-procedures/800/vadoc-op-866-1.pdf. Here, Cowell admits that he accepted the resolution of his grievance and did not appeal because he got what he wanted: a lower-bunk order. [Pl. Br. Opposing Summary J. ¶¶ 22–23]. This admission is fatal to Cowell's § 1983 lawsuit. Accordingly, because Cowell did not appeal an unsatisfactorily resolved grievance to the highest level of review, summary judgment is warranted in the defendant's favor on exhaustion grounds.

## IV. Motion to Amend the Complaint

Finally, Cowell moves the Court for permission to amend the complaint. [Dkt. No. 37]. He seeks to substitute a new defendant for a dismissed defendant, Victoria Cordova. Because the proposed amendment would not alter the Court's conclusion that Cowell failed to exhaust his administrative remedies, amending the complaint would be futile. See Harrison v. Watts, 609 F. Supp. 2d 561, 571–72 (E.D. Va. 2009) (denying motion for leave to file amended complaint because proposed amended complaint would be subject to dismissal on exhaustion grounds).

Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment [Dkt. No. 30] be and is GRANTED, and Dr. Charles Campbell is DISMISSED from this civil action; and it is further

ORDERED that plaintiff's motion to amend the complaint [Dkt. No. 37] be and is DENIED; and it is further

ORDERED that this civil action be and is DISMISSED.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal.

The Clerk is directed, pursuant to Federal Rule of Civil Procedure 58, to enter final judgment in favor of defendants, to send a copy of this Order to plaintiff and to counsel of record for defendants, and to close this civil action.

Entered this 24th day of Jan. 2020.

Claude M. Hilton
United States District Judge

Alexandria, Virginia